# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANCHORAGE SCHOOL DISTRICT,<br><br>                Appellant-Respondent,<br><br>   v.<br><br>M.G., and his parents,<br><br>                Appellees-Petitioners. | Case No. 3:17-cv-00157-SLG |

## ORDER RE MOTION TO REMAND

Before the Court is Appellant's Motion to Remand at Docket 6. The motion is fully briefed.[1] Oral argument was not requested on the motion and was not necessary to the Court's determination. For the reasons set forth below, the motion will be denied.

## BACKGROUND

M.G. experiences multiple disabilities, including autism, gastrointestinal disorders, cognitive impairments, and impending blindness.[2] Pursuant to the Individuals with Disabilities Education Act ("IDEA"), in order for school districts to provide free appropriate public education ("FAPE") to disabled students, school districts are required to provide an Individualized Education Plan ("IEP") for each individual disabled student.[3] M.G.'s IEP established he needed to attend a school for the blind in order to address his impending blindness. When the parties were unable to agree on how to implement the IEP, M.G.'s

---

[1] *See* Docket 11 (Opp'n); Docket 13 (Reply).

[2] Docket 11 at 2.

[3] 20 U.S.C. § 1414(d)(1)(A).

parents ("Parents") unilaterally enrolled M.G. at the Perkins School for the Blind in Watertown, Massachusetts.[4]

On January 7, 2017, Parents requested a due process hearing before a State of Alaska Department of Education and Early Development ("DEED") hearing officer, alleging that ASD failed to provide M.G. with education at a school for the blind, violating M.G.'s FAPE in violation of the IDEA. The hearing officer identified the issues before her as follows:

1) Did the District fail to timely implement student's IEP by failing to select an appropriate residential placement for him[;]

2) Did the District fail to provide FAPE to MG in a timely manner prior to his parents seeking enrollment at Perkins School for the Blind[; and]

3) Is Perkins an appropriate placement?[5]

The hearing officer held that "ASD failed to implement student's IEP in a timely manner by not selecting a safe and appropriate residential placement."[6] The hearing officer ordered ASD to pay for M.G. to attend Perkins from May 1, 2017 through February 17, 2018 and to reimburse Parents $1,388 per day for residential private school tuition, deposits, and travel expenses.[7]

On June 30, 2017, ASD initiated this administrative appeal in Anchorage Superior Court seeking reversal of the DEED hearing officer's decision.[8] The case was assigned

---

[4] Docket 11 at 2, Docket 6-1 (Hearing Officer Decision).

[5] Docket 6-1 at 1–2.

[6] Docket 6-1 at 13.

[7] Docket 6-1 at 13.

[8] Docket 7 (Mem. in Supp. of Mot.) at 2.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 2 of 10

to Judge Jack Smith. On July 7, 2017, Parents timely exercised their right to peremptorily challenge Judge Smith pursuant to Civil Rule 42(c). The state court promptly reassigned the case to another superior court judge.[9] Two days later, on July 12, 2017, Parents removed the case to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331.[10] Parents' Notice of Removal states that the "civil action in which the causes of action alleged in the State Court action Complaint arise under the laws of the United States, primarily the IDEA."[11] ASD now moves to remand the case back to the state court. It maintains that no federal question jurisdiction exists; and if there is such jurisdiction, Parents waived their right to assert it by exercising the peremptory disqualification in state court.

**DISCUSSION**

I.  Federal Question Jurisdiction

ASD alleges that federal question jurisdiction does not exist because the case involves "a state hearing officer's decision interpreting state law and a local school district's efforts to provide a FAPE under state law" and therefore, does not present a federal question.[12] ASD also argues its appeal presents a question of Alaska law that "is best left to Alaska courts."[13] Parents respond that the appeal is removable because it is

---

[9] *See* Docket 6-4 (Notice of Change of Judge) at 1.

[10] Docket 6-5 (Appellee's Notice of Removal). *See also* 28 U.S.C. § 1441(a).

[11] Docket 6-5 at 3.

[12] Docket 7 at 3.

[13] Docket 7 at 7.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 3 of 10

an IDEA case and "federal courts share original jurisdiction over IDEA cases with state courts."[14]

Federal question jurisdiction that will support removal "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[15] "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists."[16] "[T]he federal law must be a direct and essential element of the plaintiff's cause of action"[17] and must be a substantial one, "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[18]

Here, ASD's Statement of Points on Appeal asserts two violations of the IDEA. ASD's second point on appeal is as follows:

> Whether the Hearing Officer failed to consider the legal effect of, or properly weigh, the parents removal of the student from his placement in Anchorage during the pendency of the due process hearing, in violation of the "stay put" provision of the Individuals with Disabilities Education Act. 20 U.S.C. § 1415(j); *see also Madeline P. v. Anchorage Sch. Dist.*, 265 P.3d 308, 311 (Alaska 2011) ("Unless the educational agency and the parents agree

---

[14] Docket 11 at 4.

[15] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).

[16] *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345–47 (9th Cir. 1996)).

[17] *Smith v. Grimm*, 534 F.2d 1346, 1350 (9th Cir. 1976) (citing *Gully*, 299 U.S. at 112).

[18] *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086–87 (9th Cir. 2009) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 4 of 10

> otherwise, the child 'remain[s] in the then-current educational placement' (a 'stay put') during the pendency of the challenge.").[19]

ASD's ninth point on appeal is as follows:

> Whether the Hearing Officer erred or violated ASD's due process rights in not undertaking an equitable analysis of the reasonableness of the parents' total reimbursement request to Perkins School for the Blind, and/or not undertaking the necessary two-part analysis announced in *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15 (1993) (holding that reimbursement for private placement expenses is appropriate *only* if (1) the school district's placement violated the IDEA, and (2) the alternative placement was proper under the statute (emphasis in original)).[20]

When addressing the two points listed above, a court will be required to consider the IDEA. Clearly, federal law is a direct and essential element to these claims on appeal. Indeed, ASD specifically argued in its Motion for Expedited Consideration that Parents violated the IDEA's "stay put" provision and cited only to federal law as it relates to the IDEA.[21]

ASD asserts that this Court should follow the reasoning in *Bay Shore Union Free School District v. Kain*.[22] In that case, the Second Circuit held that the district court did not have jurisdiction to hear a case alleging a school district did not provide FAPE to a disabled student. The Second Circuit observed that the IDEA establishes a "basic floor" that states must comply with, but that states have the ability to "enact their own laws and

---

[19] Docket 10-2 (Statement of Points on Appeal) at 1–2.

[20] Docket 10-2 at 3.

[21] Docket 4-1 (Mot. For Expedited Consideration) at 3–5; *see also* Docket 19-1 (ASD's Post-Hearing Brief) at 24-32, 33-34, 36-38, 44-48 (discussing federal case law on the IDEA).

[22] Docket 7 at 5 (citing *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730 (2d Cir. 2007)).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 5 of 10

regulations to guarantee a higher level of entitlement to disabled students."[23]  In *Bay Shore*, the parties agreed that the services in dispute were not required by the IDEA.  The dispute focused on whether state law required the student receive the disputed services.  The Second Circuit held that the district court did not have jurisdiction to hear the case because the case "turn[ed] entirely on a state-law issue."[24]

In this case, ASD argues that Alaska regulations "specifically address[] this type of dispute . . . ."[25]  However, ASD cites to regulations that are procedural in nature and do not provide a "higher level of entitlement" to disabled students than the IDEA.[26]  Moreover, Alaska's regulations specifically state that the state's requirements must conform to statutes found within the IDEA.[27]  Unlike the issue in *Bay Shore*, this case does not turn entirely on a state law issue; rather, at least with regard to the two points on appeal cited above, it turns on the IDEA.

---

[23] *Bay Shore*, 485 F.3d at 733; *see also Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1527 (9th Cir. 1994) ("State procedures which more stringently protect the rights of the handicapped and their parents are consistent with the IDEA and are thus enforceable.") (citations omitted).

[24] *Bay Shore*, 485 F.3d at 734.

[25] Docket 13 at 5.

[26] *See* 4 AAC 52.150 (addressing the order of priority of out-of-district placement for a disabled student whose IEP cannot reasonably be implement within the district); 4 AAC 52.550(determining the process and requirements of the parties and hearing officer in a due process hearing); 4 AAC 52.140 (providing the requirements for when and how students' IEPs need to be developed and implemented).

[27] *See* 4 AAC 52.150 ("In determining the educational placement of a child with a disability, each district shall ensure that the child's placement is made in conformance with the requirements of 34 C.F.R. 300.116 . . . ."); 4 AAC 52.140 (providing that a student's IEP and the student's progress toward meeting its annual goals need to meet the requirements of the IDEA); 4 AAC 52.550 (referring to statutes within the IDEA throughout regulation).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 6 of 10

ASD also cites to *Evergreen School District v. N.F.*²⁸ In that case, the district court remanded the case to state court, as it found that the plaintiff's complaint "did not state a claim under the IDEA and [did] not make any reference to the constitution or the federal act."²⁹ The court concluded that the plaintiff intended to have the case heard in state court and not federal court by purposefully alleging only state law claims.³⁰ But in this case, ASD has alleged federal claims and cited to the IDEA in its Points on Appeal. Because the IDEA is a direct an essential element of ASD's case, this Court has federal question jurisdiction.

II.     Waiver of Removal

ASD also alleges that Parents waived their right to removal because the peremptory challenge Parents filed in state court is a "substantive, offensive action in state court inconsistent with [the] right to remove . . . ."³¹ Parents assert that the action they took in state court "to bump a state superior court judge, which they were required to do under state court rules within five days plus weekends of the judicial assignment," does not constitute a waiver of their right to remove.³²

"A waiver of the right of removal must be clear and unequivocal."³³ A party may waive the right to remove a case to federal court by "tak[ing] actions in state court that

---

²⁸ Docket 13 at 9 n.21.

²⁹ *Evergreen Sch. Dist. v. N.F.*, 393 F. Supp.2d 1070, 1074 (W.D. Wash. 2005).

³⁰ *Evergreen Sch. Dist.*, 393 F. Supp.2d at 1074.

³¹ Docket 7 at 8.

³² Docket 11 at 9.

³³ *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 973 (9th Cir. 2011) (quoting *Resolution*

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 7 of 10

manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."[34] However, "the right of removal is not lost by action in state court short of proceeding to an adjudication on the merits."[35] When "a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove."[36] Thus, filing an answer in state court does not constitute a waiver of the right to remove. [37]

In this case, Parents filed a one-page notice in state court, exercising their right to peremptorily challenge the assigned judge pursuant to Alaska Rule of Civil Procedure 42(c).[38] The Alaska Court of Appeals has recognized that the right to file a peremptory

---

*Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)); *see also Aqualon v. MAC Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some such substantial defensive action in the state court before petitioning for removal."), *abrogated in part on other grounds by Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572 (2004); Charles A. Wright, *et al.,* 14B Federal Practice & Procedure § 3721 (4th ed.).

[34] *Bayside Developers*, 43 F.3d at 1240 (citing *Baldwin v. Perdue, Inc.*, 451 F. Supp. 373, 375–76 (E.D. Va. 1978); *see also Hansen v. Pac. Coast Asphalt Cement Co.*, 243 F. 283, 284 (S.D. Cal. 1917) (holding that defendant who filed cross-complaint had invoked court's jurisdiction and waived right to remove); *California Republican Party v. Mercier*, 652 F. Supp. 928, 931 (C.D. Cal. 1986) ("Filing a permissive counterclaim or third-party complaint, for instance, does constitute waiver.").

[35] *Bayside Developers*, 43 F.3d at 1240 (quoting *Beighley v. F.D.I.C.*, 868 F.2d 776, 782 (5th Cir. 1989) *superseded by statute on other grounds*, 12 U.S.C. § 1823(e), *as recognized in Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 n.14 (5th Cir. 2003)).

[36] *Resolution Trust*, 43 F.3d at 1240.

[37] *See Kosen v. Ruffing*, 2009 WL 56040, at *6 (S.D. Cal. 2009) (holding that party did not waive right to remove by filing answer and motion to strike punitive damages request in state court); *Foley v. Allied Interstate, Inc.*, 312 F. Supp.2d 1279, 1284 (C.D. Cal. 2004) (holding that defendant did not waive right to remove by filing an answer, serving interrogatories, and requesting extension of time).

[38] Docket 6-4. Alaska Rule of Civil Procedure 42(c)(1) provides:

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 8 of 10

challenge is a "substantive right," although it has also recognized that the right is not particularly expansive.[39]

Parties in Alaska state court are required to exercise their right to a peremptory challenge within five days of notice of the assigned judge.[40] And yet, a party has a right to remove a case to federal court within 30 days after being served with a complaint.[41] If the Court were to find that a party waives his or her right to removal by filing a peremptory challenge within the requisite five days, it would preclude that party from having the full 30 days to decide whether to seek removal of the case to federal court.

The Court finds that by filing a peremptory challenge notice in state court, a litigant is not demonstrating a clear and unequivocal intention to adjudicate a claim on the merits in that court. Accordingly, the Court finds that Parents did not waive their right to removal when they filed a Rule 42(c) Notice of Change of Judge in the state court.[42]

---

> In an action pending in the Superior or District Courts, each side is entitled as a matter of right to a change of one judge . . . . A party wishing to exercise the right to change of judge shall file a pleading entitled "Notice of Change of Judge." The notice may be signed by an attorney, it shall state the name of the judge to be changed, and it shall neither specify grounds nor be accompanied by an affidavit.

[39] *Main v. State*, 668 P.2d 868, 871 (Alaska App. 1983); *see also Plyler v. State*, 10 P.3d 1173, 1176 (Alaska App. 2000) (holding defendant had no right to peremptory challenge in post-conviction relief proceeding); *Moore v. State*, 895 P.2d 507, 512–13 (Alaska App.1995) ("Where there are several defendants in a criminal trial, each individual defendant is not entitled to one peremptory challenge, but rather the defense as a whole is entitled, as a matter of right, to but one peremptory challenge.") (quoting *Hawley v. State*, 614 P.2d 1349, 1360–61 (Alaska 1980)); *Wallace v. State*, 829 P.2d 1208, 1210 (Alaska App.1992) (holding that party cannot file peremptory challenge in probation revocation proceeding).

[40] Alaska R. Civ. P. 42(c)(3) ("Notice of change of judge is timely if filed before the commencement of trial and within five days after notice that the case has been assigned to a specific judge.").

[41] *See* 28 U.S.C. § 1446(b)(2)(B) (according each defendant 30 days after receipt by or service on that defendant of the initial pleading to file notice of removal).

[42] The Court acknowledges ASD's argument that failing to remand this case "would encourage

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 9 of 10

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that Appellees' Motion to Remand at Docket 6 is DENIED.

DATED this 13th day of September, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

future litigants to try their luck by judge shopping first in state court, and then filing removal papers if the path is not to their satisfaction." Docket 13 at 12. However, in balancing the competing interests, the Court finds that the right of a party to seek removal outweighs the risk of judge shopping.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motion to Remand
Page 10 of 10