# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANCHORAGE SCHOOL DISTRICT,<br><br>   Appellant-Respondent,<br><br>  v.<br><br>M.G., and his parents,<br><br>   Appellees-Petitioners. | Case No. 3:17-cv-00157-SLG |

## ORDER

This order is intended to address all pending motions, except for Appellant's Motion for Summary Judgment (Docket 57), which is not yet fully briefed.

At Docket 40, the Parents filed a *Sealed* Motion to Seal; the School District did not file a response to that motion. Good cause being shown, IT IS ORDERED that the motion to seal at Docket 40 is GRANTED. Exhibit 1 and Exhibit 2 to the Appellees' Motion to Supplement the Record, filed at Docket 40-1 and Docket 40-2, shall remain under seal.

At Docket 43, ASD filed a Motion for Leave to Further Supplement the Appellate Record in Light of Delay in Discovery Production. However, in its Reply on the motion, ASD indicated that it would not be seeking further supplementation on that basis. (*See* Docket 60). Accordingly, the motion at Docket 43 is DENIED as moot.

At Docket 61, the Parents filed a Motion for Expedited Consideration, seeking prompt rulings on all of the pending motions. ASD non-opposed the motion at Docket 66. The motion is DENIED as moot. Other commitments on the Court's calendar regrettably precluded the Court from addressing these pending motions on a more expedited basis.

At Docket 63, Appellees filed a Motion for Extension of Time to File Opening Brief. That motion is DENIED as moot, in that Appellees have subsequently filed their opening brief at Docket 68. However, this ruling is not intended to preclude either side from seeking supplemental briefing or other relief based on the Court's ruling on ASD's motion to supplement at Docket 41, which is discussed in the balance of this order.

At Docket 41, ASD filed a Motion to Supplement the Appellate Record. ASD seeks to add over 4,000 pages to the record in this case. For the reasons discussed below, the motion will be granted in part and denied in part.

Under the Individuals with Disabilities Education Act ("IDEA"), and the amended version of IDEA, the Individuals with Disabilities Improvement Act, or IDEIA, numerous procedural safeguards are established to insure that public schools meet the unique needs of disabled children. *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993). Parents may pursue an administrative hearing if they are dissatisfied with the services provided to their child under an Individualized Education Program (IEP). And if either the school district or the parents are dissatisfied with the results of that administrative hearing, they may appeal the results to a state or federal court.

When a party appeals the administrative hearing result, the IDEIA provides, in pertinent part, that "the court shall receive the records of the administrative proceedings;" and "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415 (i)(2)(C). The statute also provides that the district court is to "bas[e] its decision on a preponderance of the evidence." *Id.* As a result, judicial review in IDEA cases differs substantially from judicial review of other agency actions, "as the court may give less than

the usual deference to the administrative hearing officer's findings of fact." *K.S. v. Fremont Unified Sch. Dist.*, 2007 WL 2554658 (Sept. 4, 2007 N.D. Cal.) (citing *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1126 (9th Cir. 2003), *superseded by statute in non-relevant part, M.I. v. Fed. Way Sch. Dist.,* 394 F. 3d 634 (9th Cir. 2005). But complete de novo review is inappropriate, as that would negate the administrative hearing process. *Id.*

In *Ojia United Sch. Dist. v. Jackson,* the Ninth Circuit adopted the First Circuit's approach toward the supplementation of the record in IDEA cases:

> We construe "additional" in the ordinary sense of the word, *1473 *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1980), to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding, as *Rowley* requires. *Rowley,* 458 U.S. at 206, 102 S.Ct. at 3051.
>
> * * * * * *
>
> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.
>
> * * * * * *
>
> The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial.... In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of

administrative expertise, the unfairness involved in one party's reserving its
best evidence for trial, the reason the witness did not testify at the
administrative hearing, and the conservation of judicial resources.

*Ojai*, 4 F.3d 1467, 1472–73 (9th Cir. 1993) (quoting *Town of Burlington v. Dept. of Education for Commr. of Mass.*, 736 F.2d 773, 790-91 (1st Cir. 1984)).

Turning to the supplemental evidence that ASD seeks to add, the Court finds as follows:

1. **Missing portions of DEED record**. Parents are not opposed to this supplementation, and this portion of the motion will be granted. The record will be supplemented to include the following (included as attachments to Docket 46):

    a.  March 2017 Pre-Hearing Transcripts **[AR 6246-6358];**

    b.  Court Reporter Master List of Exhibits from Due Process Hearing **[AR 6359-6363]**;

    c.  Parties' Due Process Hearing Closing Briefs [**AR 6949-7084**, Docket 46-9 at 101 through 46-10 at 75] (also filed at Docket 40-1 and 40-2; *see* order at Docket 64); and

    d.  Exhibits filed with ASD's Motion for Reconsideration [**AR 6736-6794].**

2. **ASD's Pleading File.** ASD's pleading file, marked at proposed AR 6364-7150, appears to be largely redundant to the administrative record, apart from the documents identified above in Part 1 of this order. (Docket 46-4 through 46-10, except as indicated in paragraph 1(c) above). The Court will not supplement the record with

these duplicates. Accordingly, the motion to supplement with the balance of ASD's pleading file will be denied.

3. **Jennifer White Affidavit**. ASD seeks to supplement the record with an Affidavit signed by Jennifer White. [Proposed **AR 7151-7158**, Docket 46-11].

The Hearing Officer granted the Parents' motion in limine and excluded portions of Ms. White's testimony and reports from the due process hearing. ASD challenges this ruling on appeal. (*See* Docket 1-1, ¶ 8). It now seeks to supplement the record with an affidavit by Ms. White dated October 16, 2017 that provides testimony that ASD asserts was improperly excluded by the Hearing Officer. ASD also indicates that it would "welcome an evidentiary hearing with Ms. White called as a witness, should parents seek to cross-examine her."[1] The Parents respond that Ms. White's affidavit "is not necessary to evaluate Officer Gallagher's evidentiary ruling."[2] The Parents also assert that portions of the affidavit that ASD seeks to introduce are duplicative with the testimony that Ms. White was permitted to give at the administrative hearing, and should be precluded on that basis.[3]

The Court will grant the supplementation as to Ms. White's affidavit. Although there does appear to be some redundancy between the affidavit and Ms. White's testimony at the administrative hearing, the Court finds that the affidavit as a whole could

---

[1] Docket 41 at 8.

[2] Docket 54 at 6-7.

[3] *Id.* at 7-8.

help to inform this Court's decision as to whether the Hearing Officer's exclusion of certain of Ms. White's evidence was improper.[4]

4. **August 2017 Due Process Hearing File**. ASD seeks to supplement the record with the entire administrative record from a separate due process hearing that was held in August 2017. [Proposed **AR 7159-7466**; Dockets 46-12, -13, and -14). Some of the documents in that record appear to be duplicative to the administrative record under review in this proceeding. (*See, e.g.,* Docket 46-12 at 13-30 (ALJ Gallagher's Decision)). Other aspects appear to be evidence concerning relevant events occurring subsequent to the administrative hearing. (*See, e.g.,* Docket 46-12 at 31-36 (Record of ASD-Parent Communication since May 1, 2017)).

The May 30, 2017 order directed that ASD would work with Perkins to develop a new IEP for M.G. It also directed an evaluation at Perkins beginning October 1, 2017.[5] In the August 2017 proceedings, ASD sought an evaluation of M.G. in August 2017, because M.G. was at home in Anchorage at that time. Hearing Officer Tim Seaver denied that request, reasoning that Hearing Officer Gallagher had ordered the evaluation to begin at Perkins on October 1, 2017.

ASD acknowledges that the August 2017 ruling is not on appeal to this Court. But ASD argues that the record of the August 2017 proceedings is relevant to ASD's points on appeal here as to the challenges it has faced in obtaining the necessary data and evaluations to allow it to provide a FAPE to M.G. It also asserts the August 2017 record

---

[4] *See Ojia*, 4 F.3d. at 1472.

[5] R. 6179.

is further evidence as to its disagreement with the suitability of Perkins as the appropriate placement for M.G.[6]

The Parents respond that "[w]hat data collection or evaluations Officer Gallagher's decision requires has nothing to do with her conclusion that Perkins was the best and only choice available to meet M.G.'s needs." The Parents assert that "[i]ntroducing evidence of the parties' disputes on these points thus improperly 'inject[s] a new issue into the appeal.'"[7]

The Court will supplement the record with the record from the August 2017 proceedings. The Court does so not to review the propriety of the decisions made at those proceedings, but because that record appears to contain "evidence concerning relevant events occurring subsequent to the administrative hearing" that relate to the points on appeal to this Court, which the Ninth Circuit indicates may be appropriately supplemented to the record of the administrative proceeding.[8]

5.  **Chris Sturm Affidavit.**  ASD next seeks to supplement the record with a 14-page affidavit from John Christian Sturm dated October 19, 2017. [Proposed AR 7467 to 7480; Docket 46-15]. ASD acknowledges that Mr. Sturm testified at the underlying due process hearing, and thus, under *Ojia*, is "rebuttably presumed to be foreclosed from

---

[6] Docket 41 at 12-13.

[7] Docket 54 at 10-11 (quoting *Summer H. v. Hawai'i, Dep't of Educ.,* NO. CIV.06000554 SPK-LEK, 2007 WL 1153807, at *6 (D. Haw. Apr. 18, 2007) (admitting additional evidence because it does not inject new issues into appeal)).

[8] *Ojia,* 4 F.3d at 1472.

3:17-v-00157-SLG, *Anchorage School District v. M.G., et al.*
Order
Page 7 of 11

testifying at trial."[9] But ASD maintains that Mr. Sturm's proposed affidavit does not repeat his testimony; rather, his affidavit addresses data collection by Perkins to date, "and his concerns with Perkins as a placement for M.G. going forward."[10] The Parents respond that the data collection dispute "does not justify adding new evidence," and Mr. Strum has indicated that he has concerns with Perkins "going forward," as opposed to concerns at the time of Officer Gallagher's decision.

Based on the Court's review of Mr. Sturm's affidavit, it will not be permitted as a supplement to the record. A review of his affidavit indicates it contains not only a discussion of Perkins' data collection practices since June 2017 but also discussion of ASD's practices and Mr. Sturm's interactions with M.G. beginning in 2015 forward. ASD has failed to overcome the rebuttable presumption that precludes a witness who testified at the administrative hearing from submitting additional testimony after the close of that hearing. Although some of the affidavit does relate to information subsequent to the hearing, much of it appears to be embellishment of testimony that could have been provided to Hearing Officer Gallagher.

6. **Affidavit of Laura Allen.** Ms. Allen did not testify at the underlying due process hearing. She is the Director of State and Federal Compliance for ASD's Special Education Department. Her affidavit is dated October 20, 2017. [Proposed **AR 7481-7503**; Docket 46-16 at 1-23]. Since June 2017 she has been ASD's administrative contact for M.G.'s parents and Perkins. Her affidavit contains citations to some of the documents

---

[9] *Ojia*, 4 F.3d at 1472.

[10] Docket 41 at 14.

that ASD has included in its motion to supplement. In addition, two exhibits are attached to the exhibit. The Parents respond that the parties' dispute regarding the evaluation that Officer Gallagher ordered to be conducted at Perkins beginning in October 1, 2017 "is not relevant to Officer Gallagher's decision that Perkins was an appropriate placement."[11]

The Court does see some potential relevance to this appeal in Ms. Adams' perspective regarding the evaluation process at Perkins that has occurred subsequent to the Hearing Officer's May 2017 decision. Therefore, the Court will allow supplementation as to Ms. Adams's affidavit, Exhibits A and B, and those pages of the proposed AR that are specifically referenced in Ms. Adams's affidavit in bold. (*See infra* pp. 10-11).

7. **Communication Log and Emails Since June 15, 2017 Among Parents, Perkins, and ASD**

ASD indicates that this voluminous set of documents (approximately 2,500 pages) consists of all of the communications between the Parents, Perkins, and ASD since June 2017. Apart from the specific documents referenced by Ms. Adams that this Court has permitted as supplementation in the preceding paragraph of this order, the Court agrees with the Parents' observation that ASD "failed to identify with any specificity which communications it claims are relevant to this appeal."[12] Moreover, many of the documents contain attachments that predate June 2017 and could have been (and may well have been) introduced at the administrative hearing. To the extent that ASD maintains the documentation is relevant because it "provides a complete picture of M.G.'s

---

[11] Docket 54 at 13.

[12] Docket 54 at 13.

curriculum at Perkins," the Court finds insufficient justification for the wholesale supplementation sought. However, the Court will allow supplementation of the record with proposed **AR 9313-14,** which was specifically referenced in ASD's reply on this issue.[13]

IT IS THEREFORE ORDERED that the motion at Docket 40 is GRANTED; the motions at Docket 43, Docket 61, and Docket 63 are each DENIED as moot.

IT IS FURTHER ORDERED that Appellant's Motion to Supplement the Appellate Record at Docket 41 is GRANTED in part, and the following portions of the proposed supplemental record filed as attachments at Dockets 46-49 are added to the record on appeal (the references correspond to the parts of this order):

Part 1: **AR 6246-6358, AR 6359-6363, AR 6949-7084, AR 6736-6794**

Part 3: **AR 7151-7158**

Part 4: **AR 7159-7466,**

Part 6: **AR 7481-7503, 7504-7513**

The following corresponds to the paragraphs and citations in Ms. Allen's Affidavit:

Paragraph 2: **AR 7599-7600 and AR 7609-7610**

Paragraph 3: **AR 7614-7615**

Paragraph 5: **AR 8661-8665**

Paragraph 6: **AR 8871-8876 and AR 8936-8938**

Paragraph 7: **AR 8923-8924**

---

[13] See Docket 59 at 14.

Paragraph 8:      **AR 9374-9378**

Paragraph 9       **AR 9381-9382**

Paragraph 10:     **AR 9459, AR 9476-9486 and AR 9502**

Paragraph 12:     **AR 10020**

Paragraph 13:     **AR 10053-10054**

Paragraph 14:     **AR 10109-10111**

Paragraph 15:     **AR 10132-10133**

Paragraph 16:     **AR 10281-10289**

Paragraph 17:     **AR 10290-10307**

Paragraph 23:     **AR 10087-10108**

Paragraph 25:     **AR 10134-10136, AR 9860, AR 10132- 10133 and AR 10120-10124**

Part 7:      **AR 9313-9314**

The motion to supplement at Docket 41 is otherwise DENIED.

IT IS FURTHER ORDERED that within 7 days of the date of this order, the parties shall meet and confer as to whether, and to what extent, additional and/or amended briefing on the appeal is warranted in light of this order.

DATED this 14th day of December, 2017 at Anchorage, Alaska.

        */s/ Sharon L. Gleason*
        UNITED STATES DISTRICT JUDGE