# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANCHORAGE SCHOOL DISTRICT,

    Appellant,

  v.

M.G., and his parents,

    Appellees.

Case No. 3:17-cv-00157-SLG

## ORDER RE MOTION TO INTERVENE

  Before the Court is a Motion to Intervene by Perkins School for the Blind at Docket 70. The Motion is fully briefed.[1] Oral argument was not requested and was not necessary to the Court's decision. For the reasons that follow, the Court will grant the Motion to Intervene.

## DISCUSSION

  Holland and Knight ("H&K") represents the Alaska School District ("ASD") in this action.[2] H&K also provides legal services to Perkins School for the Blind ("Perkins") through its lawyers at H&K's Boston, Massachusetts office.[3] Perkins seeks to intervene "for the limited purpose of moving for H&K's disqualification as counsel for ASD."[4]

---

[1] Docket 93 (Holland and Knight's Opp'n); Docket 97 (Reply).

[2] Docket 26.

[3] Docket 71 at 7.

[4] Docket 71 at 2. Perkins does not seek to intervene in order to participate in the substantive aspects of this case. Docket 71 at 25 n.10.

Federal Rule of Civil Procedure 24(a)(2) provides that a person may intervene as a matter of right if four requirements are met: "(1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties."[5] Although the party seeking to intervene bears the burden of establishing Rule 24(a)(2) has been met, "the requirements for intervention are broadly interpreted in favor of intervention."[6]

As to timeliness, Perkins was aware of H&K's representation of ASD by no later than October of 2017 when "it received a subpoena from ASD to produce documents related to M.G."[7] Perkins filed the instant motion on December 19, 2017.[8] Although Perkins waited several weeks before seeking to intervene, it has demonstrated that this period of time was "to permit H&K the opportunity to voluntarily withdraw."[9] Accordingly, despite the modest delay, Perkins' Motion to Intervene is timely.

---

[5] *United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988).

[6] *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

[7] Docket 71 at 26.

[8] Docket 70.

[9] Docket 71 at 26. Perkins wrote to H&K on October 20, 2017, objecting that a conflict of interest existed in representing both Perkins and ASD. Docket 72-23 (Letter to Matt Singer dated October 20, 2017). The parties exchanged correspondence regarding the conflict of interest through December 14, 2017. *See* Dockets 72-24 through 72-28.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. and his parents*
Order re Motion to Intervene
Page 2 of 4
Case 3:17-cv-00157-SLG   Document 98   Filed 12/29/17   Page 2 of 4

Perkins has an interest related to these proceedings in that M.G. is attending school at Perkins and Perkins does not want its current lawyers to also represent ASD, which is a party adverse to M.G. in this case. Perkins asserts that "H&K representing ASD may impair or impede Perkins' ability to protect its interests" and that the only way to "protect the integrity of its confidences and secrets [is] by intervening and seeking to disqualify H&K."[10] The Court finds that Perkins has demonstrated an interest related to this controversy, and that without intervention to seek disqualification that interest may be impaired or impeded.

Finally, neither of the parties in the case can adequately represent the interests of Perkins on this limited topic. Perkins states that it "views the parents and their legal counsel as being fully able to adequately address [the substantive issues] along with Perkins' interest in therein."[11] As such, Perkins is only seeking to intervene to disqualify counsel for ASD, a topic on which the parents have indicated no position. Moreover, a former or current client generally has a stake in a conflict of interest dispute.[12]

H&K cites to *Schnider v. Providence Health & Services* to assert that "Perkins cannot prevail unless it can show 'an ethical breach that so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims and so severe that it obstructs the orderly administration of

---

[10] Docket 71 at 27.

[11] Docket 71 at 25 n.10.

[12] *See* Alaska Rule of Prof'l Conduct 1.7(a) – Conflict of Interest; Current Clients; Alaska Rule of Prof'l Conduct 1.9 – Duties to Former Clients.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. and his parents*
Order re Motion to Intervene
Page 3 of 4
Case 3:17-cv-00157-SLG   Document 98   Filed 12/29/17   Page 3 of 4

justice.'"[13] However, that standard applies to third-party conflict of interest claims and not to former or current clients seeking a stake in a conflict of interest dispute.[14] Perkins is a current client of H&K; *Schnider* is inapposite.

Accordingly, Perkins has satisfied all four requirements to intervene. Perkins' Motion to Intervene at Docket 70 is GRANTED. Perkins may file a Motion to Disqualify Counsel no later than **January 3, 2018**.[15]

DATED this 29th day of December, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT

---

[13] Docket 93 at 2–3 (quoting *Schnider v. Providence Health & Servs.*, 2016 WL 158494 at *2 (D. Alaska 2016)).

[14] *See Colyer v. Smith*, 50 F.Supp.2d 966, 971–72 (C.D. Cal. 1999) ("Generally, only the former or current client will have such a stake in a conflict of interest dispute. However, . . . in a case where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims, she may have the constitutional standing needed to bring a motion to disqualify based on a third-party conflict of interest or other ethical violation.").

[15] The Court recognizes that the parties have already filed substantial briefing on the issue such that additional briefing with the motion may not be necessary.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. and his parents*
Order re Motion to Intervene
Page 4 of 4
Case 3:17-cv-00157-SLG   Document 98   Filed 12/29/17   Page 4 of 4