# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANCHORAGE SCHOOL DISTRICT,

    Appellant-Respondent,

v.

M.G., and his parents Betsy and Brian G.,

    Appellees-Petitioners.

Case No. 3:17-cv-00157-SLG

## ORDER RE MOTION TO DISQUALIFY

Before the Court at Docket 100 is Perkins School for the Blind's Motion to Disqualify Holland & Knight LLP. Holland & Knight is one of the law firms representing ASD in this matter. The motion has been extensively briefed.[1] The Court denied ASD's request for oral argument, as it was not necessary to the Court's determination of this motion.[2]

## BACKGROUND

This case is an appeal from a due process hearing in an IDEA special education dispute; it concerns ASD's provision of a Free Appropriate Public Education ("FAPE") to M.G.[3] M.G.'s parents applied for M.G.'s admission to Perkins School for the Blind. In the ensuing due process hearing, they asserted that Perkins is the appropriate placement for

---

[1] *See* Docket 101 (Perkins' Mem. in Support); Docket 117 (Opposition); Docket 122 (Notice of Errata to Docket 117); Docket 124 (Reply).

[2] Docket 114.

[3] Docket 117 at 6.

M.G.[4] ASD asserted that Perkins was not an appropriate placement for a number of reasons.[5] On May 30, 2017, Due Process Hearing Officer Sheila Gallagher entered the order now being appealed from, which required ASD to pay for M.G.'s attendance at Perkins from May 1, 2017 through February 17, 2018.[6]

On January 3, 2018, after being permitted to intervene for this purpose, Perkins filed the instant motion. Perkins indicates that attorneys in Holland & Knight's Boston, Massachusetts office provide extensive legal representation to Perkins and it has not consented to Holland & Knight's representation of ASD in this action. Accordingly, Perkins seeks an order disqualifying Holland & Knight from representing ASD in this case, as well as any administrative proceedings related to M.G.'s placement at Perkins.[7]

## DISCUSSION

Perkins asserts that Holland & Knight's disqualification is necessary to avoid an impermissible conflict of interest. However, "[b]ecause disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary."[8] Attorneys practicing before this Court must comply with the Alaska Rules of Professional Conduct.[9] This matter is governed by Alaska Rule of Professional Conduct 1.7, which addresses conflicts of interest involving representation of current clients. Rule 1.7 provides as follows:

---

[4] *See* Docket 29-64 (Administrative Record) at 33–34.

[5] Docket 29-64 at 50.

[6] Docket 29-64 at 53–54.

[7] Docket 100-1 (Proposed Order) at 2.

[8] *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004).

[9] *See* D. Ak. LR 83.1(i).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G.*
Order re Motion to Disqualify
Page 2 of 6
Case 3:17-cv-00157-SLG   Document 126   Filed 01/16/18   Page 2 of 6

> (a) Except as provided in paragraph (b),[10] a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

The comment to Rule 1.7 further elucidates the issue as follows:

> Loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed consent. Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated. . . . On the other hand, simultaneous representation in unrelated matters of clients whose interests are only economically adverse, such as representation of competing economic enterprises in unrelated litigation, does not ordinarily constitute a conflict of interest and thus may not require consent of the respective clients.

Here, Perkins alleges that Holland & Knight's representation of ASD constitutes a conflict under ARPC 1.7(a) because ASD and Perkins "are adverse to each other

---

[10] Paragraph (b) provides:

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Neither party has asserted that this exception applies. It is undisputed that Perkins does not consent to Holland & Knight's representation of ASD in this matter.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G.*
Order re Motion to Disqualify
Page 3 of 6

regarding the matters at issue in these proceedings."[11] Perkins explains:

> Perkins is a longtime and current client of H&K in Massachusetts, and receives substantial legal services on a regular basis from lawyers within H&K's Boston office. H&K's client in this case, ASD, is pursuing arguments, claims, and positions that are directly adverse to H&K's other client, Perkins. Absent Perkins' consent, H&K is precluded under ARPC 1.7 and ARPC 1.10 from representing ASD in this action because of the concurrent conflict of interest existing between ASD and Perkins.[12]

From the Court's perspective, it has been useful to envision a Boston lawyer from Holland & Knight who has provided extensive legal services to Perkins arguing this appeal on behalf of ASD.[13] When considered in that light, the Court finds that the continued participation of Holland & Knight as counsel for ASD in this appeal that challenges M.G.'s placement at Perkins "taints the legal system or . . . the cause" before the Court.[14] The Court acknowledges that Perkins is not a party to this case, although it is M.G.'s current placement. As a non-party to the suit, Perkins' claim of adversity is based primarily on an asserted economic adversity. Stephen Van Goor's December 18, 2017 Affidavit repeatedly maintains that there is economic adversity between Perkins and ASD—and the Court agrees.[15] The commentary to Rule 1.7 observes that mere economic adversity does not constitute direct adversity so as to require disqualification. But the commentary

---

[11] Docket 101 at 3.

[12] Docket 100 at 2.

[13] *See* Docket 125 (2nd Van Goor Affidavit) at 4 (querying "could Holland & Knight's Boston counsel serving as outside general counsel for Perkins have also undertaken the contemporaneous representation of ASD in the administrative and court proceedings?").

[14] *Eufemio v. Kodiak Island Hosp.*, 837 P.2d 95, 104 n.17 (Alaska 1992) (quoting *Borman v. Borman*, 393 N.E. 2d 847, 856 (Mass. 1979).

[15] Docket 76 (12/18/17 Affidavit); at 4 ("the firm has taken a position contrary to the economic interests of Perkins"); at 5 ("economic adversity is documented"); at 7 ("representation of Holland & Knight counsel on behalf of ASD has a direct, adverse impact on Perkins" and "representation of ASD is adverse to Perkins' economic interests").

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G.*
Order re Motion to Disqualify
Page 4 of 6
Case 3:17-cv-00157-SLG   Document 126   Filed 01/16/18   Page 4 of 6

refers to *unrelated* matters between two clients with competing economic interests. Here, Perkins's asserted economic adversity is directly related to the administrative proceedings on appeal in this Court.[16] In these circumstances, the Court finds that there is direct adversity between Perkins and ASD, such that Holland & Knight's disqualification in representing ASD in this administrative appeal is required.[17]

Moreover, direct adversity can extend to transactional dealings, not only litigation. In the Court's view, there has also been direct adversity between Perkins and ASD with respect to both the scheduling of M.G.'s evaluation and the tuition payment. Holland & Knight has recognized this by obtaining separate counsel to represent ASD on these issues. Perkins responds with another Affidavit of Mr. Van Goor, who maintains that such an approach is impermissible unless both clients consent, because "Alaska RPC 1.7 is a client-centered rule—not one constructed for convenience."[18] Given the extensive overlap between the administrative appeal and the evaluation and tuition disputes, the Court agrees that the involvement of separate counsel on these topics does not adequately address the direct adversity between Holland and Knight's clients, and further supports the need for Holland & Knight's disqualification in this appeal. The Court recognizes the harshness of this sanction, particularly to ASD, but nonetheless determines that disqualification in this case is absolutely necessary.

---

[16] *See, e.g.,* ASD's Corrected Brief, which contains an argument that "Post-Hearing, Parents and Perkins Refuse ASD Access to M.G. and Refuse to Cooperate with the Hearing Officer's Order." Docket 82-1 at 51-52.

[17] *See Committee on Legal Ethics v. Frame*, 433 S.E. 2d 579, 582 (West Va. 1993) (recognizing that "being named as a party to a lawsuit is not a prerequisite to creating the direct adversity element needed to establish a conflict of interest" under West Virginia's professional responsibility rules).

[18] Docket 125 at 4.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G.*
Order re Motion to Disqualify
Page 5 of 6
Case 3:17-cv-00157-SLG   Document 126   Filed 01/16/18   Page 5 of 6

Perkins also asserts that pursuant to Rule 1.7(a)(2), "there is a significant risk that H&K's representation of one or more of its two clients in this case, ASD and/or Perkins, will be materially limited by H&K's responsibilities to the other client."[19]  Given the Court's determination that there is direct adversity between the clients under Rule 1.7(a)(1), it does not reach this issue.

Perkins also assert that there was a "lack of good cause for Holland & Knight LLP's failure to voluntarily withdraw" from representing ASD over Perkins' objections.[20]  It therefore seeks an award of its costs and attorneys' fees incurred in filing both the motion to intervene and the motion to disqualify.  The Court declines to award sanctions.  In the Court's view, Holland & Knight has acted in good faith in an effort to ethically meet the legal needs of both of its clients, and the law on this topic is far from settled.

## CONCLUSION

In light of the foregoing, Perkins's Motion to Disqualify at Docket 100 is GRANTED as follows:  Holland & Knight is disqualified from representing the Anchorage School District in this administrative appeal.[21]

DATED this 16th day of January, 2018.

    */s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] Docket 101 at 4.

[20] Docket 100-1 at 2.

[21] The disqualification is limited solely to this appeal.  This order does not extend to any future administrative or other proceedings involving M.G. and the Perkins School for the Blind.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G.*
Order re Motion to Disqualify
Page 6 of 6
Case 3:17-cv-00157-SLG   Document 126   Filed 01/16/18   Page 6 of 6