# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANCHORAGE SCHOOL DISTRICT,

    Appellant,

    v.

M.G., and his parents Betsy and Brian G.,

    Appellees.

Case No. 3:17-cv-00157-SLG

## **ORDER ON MOTION TO STAY PUT**

Before the Court at Docket 127 is Appellees' motion for a stay put order. The motion has been exhaustively briefed. Appellees seek an order that would establish that while this judicial proceeding remains pending, and unless the parties agree otherwise, M.G. is to remain in his current educational placement, which is the Perkins School for the Blind. Being fully advised, the Court GRANTS Appellees' motion.[1]

In May 2016, the parties worked cooperatively to develop an updated IEP for M.G. At that time, the parties agreed that "[t]he nature and severity of [M.G.'s] disability justifies residential placement as the least restrictive environment. The location will be administratively determined."[2] The parties then disagreed on the appropriate residential placement. A due process hearing ensued, which resulted in the Hearing Officer finding

---

[1] The Court also GRANTS ASD's motion on shortened time for leave to file the second affidavit of Jennifer White at Docket 140, and has reviewed and considered all of the extensive recent filings of each party.

[2] A.R. 197.

that the Perkins School for the Blind was the appropriate residential placement for M.G.[3] M.G. has been attending the Perkins School since May 1, 2017. The current motion arises because the Hearing Officer's decision ordered ASD to pay for M.G.'s attendance at Perkins from May 1, 2017 through February 17, 2018.[4] The Hearing Officer recognized that there "is no magic number" for how long M.G. "would need to attend Perkins to achieve the skills he would need to transition to living as a blind person." The decision did not provide for a placement for M.G. after February 17, 2018. Rather, the Hearing Officer stated "[i]t is my hope that the parents, Perkins staff and ASD staff and their consultants can and will before February 17, 2018 collaborate on the evaluation of student to determine if he is ready to return to ASD or would benefit from increased time at Perkins."[5]

The Hearing Officer's decision is now on appeal by ASD to this Court. Oral argument on the appeal was held on January 31, 2018.[6] It appears that the parties are making some progress in completing the evaluations and updating the IEP, but have not agreed on M.G.'s placement at this time. On February 19, 2018, ASD served a prior written notice (PWN) on Parents that indicated its intent to place M.G. in ASD's ACE/ACT program for interim diagnostic placement to commence on February 26, 2018.[7] ASD

---

[3] Docket 1-2 (Hearing Officer Decision) at 14.

[4] Docket 1-2 at 15.

[5] Docket 1-2 at 15–16.

[6] Docket 130 (Oral Argument Minute Entry).

[7] Docket 148 (Notice Service of PWN).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. et al.*
Order on Motion to Stay Put
Page 2 of 5

indicated it "has administratively rejected paying tuition at Perkins after February 18, 2018 . . . because the District does not believe Perkins is providing a FAPE based on evaluations and observations as well as on Perkins' data narratives from May 1, 2017 to the present.[8] By this motion, Parents seek to have M.G. remain at Perkins at this time.

The "stay put" provision of the IDEA, 20 U.S.C. § 1415(j) requires a student to remain in his "current educational placement" during the course of administrative and judicial proceedings. Section 1415(j) provides:

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

In *L.M. v. Capistrano Unified School District*, 556 F.3d 900, 902–03 (9th Cir. 2009), the Ninth Circuit discussed this statute as follows:

> The IDEA does not define the phrase "current educational placement." Courts have generally interpreted the phrase to mean the placement set forth in the child's last implemented IEP. *Johnson v. Special Educ. Hearing Office,* 287 F.3d 1176, 1180 (9th Cir.2002) ("typically the placement described in the child's most recently implemented IEP"); *Thomas v. Cincinnati Bd. of Educ.,* 918 F.2d 618, 625 (6th Cir.1990) ("[the placement at the time of] the previously implemented IEP"); *Drinker v. Colonial Sch. Dist.,* 78 F.3d 859, 867 (3d Cir.1996) ("the dispositive factor in deciding a child's 'current educational placement' should be the [IEP] . . . actually functioning when the 'stay put' is invoked.").

Here, M.G.'s most recently implemented IEP calls for a residential placement.[9]

---

[8] Docket 148 at 2.

[9] The Court acknowledges ASD's stated concern that the May 2016 IEP was never finalized and therefore should not form the basis of a stay put order. However, the parties did all agree at that time that a residential placement for M.G was appropriate. The dispute was then focused primarily on which residential placement would be appropriate, although in the course of the due process

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. et al.*
Order on Motion to Stay Put
Page 3 of 5

ASD maintains, however, that the Hearing Officer "established a multi-phase educational program that transitioned M.G. home to ASD after February 18, 2018."[10] Although the Hearing Officer clearly contemplated the likelihood that M.G. would be transitioned back to Anchorage at some point after February 18, 2018, the Court does not read the Hearing Officer's decision to establish a multi-stage IEP in which M.G.'s placement at Perkins definitively ended on February 18.[11]

In the Court's view, the determination of this motion is controlled by the Ninth Circuit's decision in *Clovis Unified School District v. California Office of Administrative Hearings*, 903 F.2d 635, 639 (9th Cir. 1990). In that case, an administrative hearing officer ruled in favor of the student, and ordered "the District to pay for her hospitalization from August 16, 1985, through the 1985–86 school year." The case was then appealed to the district court. A principal issue on appeal was described as "whether the 'stay put' provisions required [the school district] to maintain the child [at the hospital] throughout the course of the court review proceedings which followed the agency decision that [the hospital] was the appropriate placement."[12] In short, the issue was whether the school district was required to pay for the placement after the end of the 1986 school year, the ending date specified in the hearing officer's

---

proceedings, ASD also advocated that M.G. might no longer need a residential placement. *See* Docket 1-2 at 10.

[10] Docket 129 (Opp. to Mot. to Stay Put) at 1.

[11] *Cf. N.E. by and through C.E. and P.E. v. Seattle Sch. Dist.*, 842 F.3d 1093, 1094–95 (9th Cir. 2016) ("The IEP incorporated two stages: During stage one, N.E. would finish the end of the 2014-15 school year in the agreed-upon individual class; during stage two, for the 2015-16 school year and beginning on September 1, 2015, N.E. would be placed in a self-contained class.").

[12] *Clovis*, 903 F.2d at 640.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. et al.*
Order on Motion to Stay Put
Page 4 of 5

order.  The Ninth Circuit held that under IDEA's stay put provision, the school district was responsible for the costs of the child's placement after that date "regardless of which party prevails" in the appeal.[13]

The Court finds that under this controlling precedent, Appellees' motion for a stay put order at Docket 127 is GRANTED.  During the pendency of the review of the Hearing Officer's decision, M.G.'s placement, absent agreement to the contrary, is Perkins School for the Blind.

DATED this 23rd day of February, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at 641 (citing *Sch. Comm. of the Town of Burlington v. Massachusetts Dep't of Educ.,* 471 U.S. 359 (1985)).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G. et al.*
Order on Motion to Stay Put
Page 5 of 5