Jacob Kammermeyer (AK Bar #0506043)
Disability Law Center of Alaska
230 S. Franklin Street, Suite 206
Juneau, Alaska 99801
Telephone: 907-586-1627
Fax: 907-586-1066
Email: jkammermeyer@dlcak.org

Mark Regan (AK Bar #8409081)
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: mregan@dlcak.org

Attorney for Appellees-Petitioners

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANCHORAGE SCHOOL DISTRICT, | ) |
| Appellant-Respondent, | ) |
| v. | ) Case No. 3:17-cv-157-SLG |
| M.G., and his parents Betsy and Brian G. | ) Superior Court Case No: 3AN-17-07583CI |
| Appellees-Petitioners. | ) |

### AFFITDAVIT OF JAMES J. DAVIS, JR.

I, James J. Davis, Jr., after being first duly sworn, upon oath depose and state:

1. I am an attorney with Alaska Legal Services Corporation (ALSC).

2. I am a 1987 graduate from the University of Michigan Law School and have almost 30 years of legal experience. That experience includes lawyering for an international law firm (Pillsbury, Madison and Sutro, now known as Pillsbury Winthrop Shaw Pittman), teaching at Stanford Law School's clinical law program (200-2001), serving as

ALSC's "Statewide Litigation Attorney: (in which capacity I supervise or co-counsel most of Alaska Legal Services Corporation's complex litigation), and co-founding the Northern Justice Project, LLC, a private civil rights firm that specializes in class action and other complex "public interest" litigation.

3. My work has focused on a number of areas affecting low-income Alaskans, including constitutional law, the Indian Child Welfare Act, public benefits, housing rights, consumer law, and Native law. I have been lead or co-counsel in a number of reported cases. *See, e.g., Alaska Trustee, LLC v. Ambridge,* No. S-14915, 2016 Alas. LEXIS 23 (Mar. 4, 2016) (holding, for the first time in Alaska, that the federal Fair Debt Collection Practices Act applies to foreclosure practices); *Native Village of Tununak v. State,* 303 P.3d 431, 449 (Alaska 2013) ("[W]e now recognize that a heightened standard of proof is required to ensure that the good cause determination [in ICWS cases] is made in accordance with this policy. Therefore, we conclude that more good than harm will result from overruling our prior holdings."); *Osbakken v. Whittington,* 289 P.3d 894, 896 (Alaska 2012) ("We agree with the beneficiaries that the plain language of AS 45.50.535(a) resolves the issue of whether non-party injunctive relief is available under UTPA- the benefit of an injunction broadly prohibiting a seller or lessor from continuing to engage in unfair trade practices would absolutely apply to non-parties."); *Smart v. State,* 237 P.3d 1010 (Alaska 2010) (holding that Medicaid providers have due process rights in their Medicaid payments and that the State of Alaska violated those rights in how it sought to recover alleged overpayments); *Krone v. State,* 222 P.3d 250 (Alaska 2009) (holding that successful class counsel are entitled to fee multipliers where exemplary results are obtained); *Pepper v. Routh Crabtree,*

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

*ASD v. M.G.*  Case No.: 3:17-cv-157-
SLG    AFFIDAVIT OF JAMES J. DAVIS, JR.  Page 2 of 5
Case 3:17-cv-00157-SLG   Document 183   Filed 07/16/18   Page 2 of 5

*APC,* 219 P.3d 1017 (Alaska 2009) (holding that the *Noerr-Pennington* doctrine does not protect abusive debt collectors from affirmative litigation and holding that lawyers who are debt collectors are liable under Alaska's consumer protection act, just like other debt collectors); *Heitz v. State,* 215 P.3d 302 (Alaska 2009) (holding that foster parents have due process rights in their foster care payments and that the State of Alaska violated those rights in how it sought to recoup alleged overpayments); *Dep't of Health & Soc. Servs. V. Okuley,* 214 P.3d 247 (Alaska 2009) (holding that "common fund doctrine" applies in public interest context); *Baker v. State,* 191 P.3d 1005 (Alaska 2008) (holding that State of Alaska violated the due process rights of hundreds of disabled Alaskans receiving Medicaid services when it sought to reduce or terminate their benefits); *Native Village of Curyung, et al. v. State of Alaska, et al.,* 151 P.3d 388 (Alaska 2006) (holding *inter alia,* that Alaska's Native tribes could bring *parens patrae* suits on behalf of their members and had standing to sue the state for violation of the Indian Child Welfare Act); *Garber v. State,* 63 P.3d 264 (Alaska 2003) (holding that the State of Alaska's public assistance agency abused its discretion by failing to consider hardship factors in evaluating Medicaid requests); *Chilton-Wren v. Olds,* 1 P.3d 693 (Alaska 2000) (holding that tenants have the right to state counterclaims in eviction proceedings and have the right to have those claims tried to a jury); *Pacana v. Department of Revenue, Child Support Enforcement Div. ex el. Pacana,* 941 P.2d 1263 (Alaska 1997) (holding that disabled parents must be credited by the State of Alaska's child support agency for any insurance benefits paid to children as a result of the parent's disability); *Kopanuk v. AVCP Regional Housing Authority,* 902 P.2d 813 (Alaska 1995) (holding that Alaska's public housing

authorities cannot use eviction proceedings against Native families buying homes through HUD's "Mutual Help Program"); *Harlodson v. Omni Enters.,* 907 P.2d 426 (Alaska 1995) (holding that once an employee established a prima facia case of wrongful termination, the case should be tried to a jury and not adjudication on summary judgment).

4. In addition to these reported cases, I have successfully litigated various other complex litigations. *See, e.g., Gesula, et al. v. Municipality of Anchorage,* 3AN-11-12856 CI (leading to repeal of Anchorage zoning ordinance that discriminated against disabled individuals) (Judge Marston); *Mulgrew, et al. v. State of Alaska, et al,* Case No. 3AN-10-6273 CI (holding that State's reimbursement protocol for foster and adoptive parents violated federal law) (Judge Rindner); *Paramore, et al. v. State of Alaska,* Case No. 3AN-10-9035 CI (entry of statewide injunction against State's Medicaid system for violating due process rights of Medicaid recipients when denying recipients' their Medicaid benefits) (Judge Tan); *Myers, et al. v. Sebelius, et al.,* Case No. 3-09-CV-175 (lawsuit against federal and state governments which successfully led to the lifting of the federal government imposed "moratorium" on Medicaid Waiver applications in Alaska) (Judge Burgess); *Annette Moore, et al. v. Weidner Investment Services, Inc.,* Case No. 3AN-06-09690 CI (lawsuit against "Alaska's largest landlord" which led to statewide refunds of excessive late fees and permanent reduction of all future late fees) (Judge [now Chief Justice] Stowers); and *Karl Carl, Jr., et al. v. Wynn's Extended Care, Inc.,* Case No. 3AN-07-6398 CI (lawsuit by Alaska consumers against one of Alaska's largest auto warranty distributors which led to defendant's abandonment of mandatory arbitration in California) (Judge Joannides).

5. My standard billing rate is $400.00 per hour. This is the rate the Supreme Court approved in *Alaska Trustee, LLC v. Ambridge,* No. S-14915, 2016 Alas. LEXIS 23 (Mar. 4, 2016). That is the rate I charge at the Northern Justice Project, LLC. This is also the rate that has been found reasonable by various judges around the state including: former Presiding Judge Tan in *Allard v. OCS,* 3AN-04-14757 CI; current Presiding Judge Morse in *Krone v. State,* 3AN-05-10283, Judge Rindner in *Robinson v. Beattie et al.,* Case No. 3AN-12-5482 CI; in *Ambridge v. Alaska Trustee, LLC,* 3AN-10-6356 CI; Judge Pfiffner in *Thomas v. AHFC,* Case No. 3AN-11-12947 CI, Judge Marston in *Gesulga et al. v. Municipality of Anchorage,* 3AN-11-12856 CI; and Judge Pallenberg in *Central Council of Tlingit and Haida Indian Tribes of Alaska v. State of Alaska,* 1JU-10-376 CI. This rate was also paid by the State of Alaska in settling *Mulgrew, et al. v. State of Alaska, et al.,* Case No/ 3AN-10-6273 CI, *Denny v. State,* Case No. 3AN-12-05508 CU, and *Reeves v. Hogan,* Case No. 3AN-08-9298 CI.

6. That is the rate I charge in IDEA cases.

_____
James J. Davis, Jr.

SUBSCRIBED AND SWORN to before me this 12 day of July, 2018 at Anchorage, Alaska.

_____
Notary Public, State of Alaska
My commission expires: 10-17-2018

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417