**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANCHORAGE SCHOOL DISTRICT,<br><br>        Appellant,<br><br> v.<br><br>M.G.; et al.,<br><br>        Appellees. | No.   18-35229<br><br>D.C. No. 3:17-cv-00157-SLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 15, 2018
Anchorage, Alaska

Before: HAWKINS, CHRISTEN, and OWENS, Circuit Judges.

    Anchorage School District ("the School District") appeals from the district court's "stay-put" order, which permits student M.G. to remain at the Perkins School for the Blind ("Perkins") pending resolution of his action against the School District under the Individuals with Disabilities Education Act ("IDEA"). As the parties are familiar with the facts, we do not recount them here. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, *see A.D. ex rel. L.D. v. Hawaii Dep't of Educ.*, 727 F.3d 911, 913–14 (9th Cir. 2013) ("[A] stay put order is appealable under the collateral order doctrine[.]"), and we affirm.

The district court did not err in maintaining M.G.'s placement at Perkins beyond February 18, 2018 through its stay-put order. Under the IDEA, M.G. is entitled to remain in his "then-current educational placement" until his substantive IDEA claim is resolved. 20 U.S.C. § 1415(j); *see also* 34 C.F.R. § 300.518(a). Because the hearing officer's decision confirmed that M.G.'s placement at Perkins was appropriate, Perkins constitutes M.G.'s "current educational placement" for purposes of 20 U.S.C. § 1415(j). *See K.D. ex rel. C.L. v. Dep't of Educ.*, 665 F.3d 1110, 1118 (9th Cir. 2011); *see also* 34 C.F.R. § 300.518(d). The School District is "required to maintain that placement pending the court review proceedings pursuant to section 1415[,]" notwithstanding the funding timeline contemplated in the hearing officer's decision. *Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings*, 903 F.2d 635, 641 (9th Cir. 1990) (per curiam) (citing *Sch. Comm. of Burlington. v. Dep't of Educ.*, 471 U.S. 359, 372–73 (1985)).

This case is not like *N.E. ex rel. C.E. v. Seattle School District*, 842 F.3d 1093 (9th Cir. 2016), where we considered the proper application of 20 U.S.C. § 1415(j)'s "then-current educational placement" provision to a "multi-stage IEP" that approved placement at a private school, but then expressly required the student

to transition from private school to public school at the start of the new school year. 842 F.3d at 1094, 1097. In *N.E.*, the IEP provided concrete guidelines for the second phase of the student's education; here, no such guidelines exist for M.G.'s schooling after February 18, 2018.

Without a stay-put order requiring the School District to pay for M.G.'s placement at Perkins pending resolution of the IDEA litigation, M.G.'s parents would be forced to choose between returning M.G. to public school after February 18, 2018—even though he still does not have a functional IEP establishing the terms of his education there—and keeping M.G. at Perkins at immense personal cost. "Congress sought to eliminate this dilemma through its enactment of § 1415(j)." *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1040 (9th Cir. 2009). The district court did not err in concluding that Perkins is M.G.'s "current educational placement" for purposes of 20 U.S.C. § 1415(j).

**AFFIRMED.**