# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANCHORAGE SCHOOL DISTRICT,<br><br>        Appellant ,<br><br>    v.<br><br>M.G., *et al.*,<br><br>        Appellees. | Case No. 3:17-cv-00157-SLG |

## ORDER RE MOTIONS FOR ATTORNEYS' FEES

Before the Court are four motions for attorneys' fees. At Dockets 182 and 190 are motions filed by attorneys at the Disability Law Center of Alaska ("Disability Law Center") on behalf of the Appellees ("Parents"), and at Docket 186 is a motion by attorneys at Perkins Coie, LLP ("Perkins Coie"), also on behalf of Parents. Disability Law Center's motion at Docket 182 and Perkins Coie's motion at Docket 186 relate to attorneys' fees for proceedings in this Court. Disability Law Center's motion at Docket 190 relates to attorneys' fees for three administrative proceedings that took place in 2017. At Docket 213 is a response in opposition to all three motions filed by the Appellant, the Anchorage School District ("ASD"). At Dockets 225 and 227 are replies in support of the motions at Dockets 182 and 190, respectively, and at Docket 223 is a reply in support of the motion at Docket 186. At Docket 307 is Parents' motion for attorneys' fees for proceedings in the Ninth Circuit, which follows the Ninth Circuit's referral of the attorneys' fees motions filed

there to this Court.[1]  Oral argument on the motions at Dockets 182, 186, and 190 was held on September 17, 2018, at Anchorage, Alaska.  Oral argument on the motion at Docket 307 was not requested and was not necessary to the Court's determination.

## BACKGROUND

This case arises from a dispute between Parents and ASD over the provision to Parents' child, M.G., of a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA").[2]  In light of M.G.'s failing sight and preexisting health conditions, Parents informed ASD that they intended to enroll M.G. at the Perkins School for the Blind ("Perkins").[3]  On October 24, 2016, ASD made a settlement offer to Parents in which ASD proposed to pay for roughly seven and a half months of tuition for M.G. at Perkins.[4]  Parents rejected ASD's settlement offer, and instead pursued a special education due process hearing with the Alaska Department of Education and Early Development.  On May 30, 2017, the Hearing Officer issued her decision, which incorporated

---

[1] See Docket 307.  Parents' motions for Ninth Circuit attorneys' fees were filed Ninth Circuit Case No. 18-35229 (Dockets 58-1, 59-1) (Sept. 19, 2018); see also Ninth Circuit Case No. 18-35229 (Docket 63-2 at 6–9) (Affidavit of Danielle Ryman) (Sept. 19, 2018).

[2] See 20 U.S.C. § 1400 et seq.  The Court provided a factual background in its summary judgment order.  See Docket 174 at 3–14.

[3] See Administrative Record ("AR") 2692–700 (Docket 29-43 (sealed) at 54–57, Docket 29–44 (sealed) at 1–6) (October 18, 2016 Letter from Parents).

[4] See AR 145–54 (Docket 29-2 (sealed) at 29–38) (Settlement Offer).

Case No. 3:17-cv-00157-SLG, Anchorage School District v. M.G., et al.
Order re Motions for Attorneys' Fees
Page 2 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 2 of 15

many aspects of ASD's settlement offer but also made certain changes, among which was the requirement that ASD pay for roughly nine and a half months of tuition for M.G. at Perkins.[5]

On June 30, 2017, ASD appealed the Hearing Officer's decision to the Alaska Superior Court.[6] Parents did not appeal. On July 12, 2017, Parents removed the case to this Court.[7] On November 6, 2017, ASD moved for summary judgment.[8] On June 18, 2018, the Court entered a judgment affirming the Hearing Officer's decision and denying ASD's motion for summary judgment.[9] On July 12, 2018, ASD filed a notice of appeal of this Court's order and judgment.[10] That appeal is pending before the Ninth Circuit as of the date of this order.[11] On July

---

[5] *See* AR 6148–98 (Docket 29-62 (sealed) at 59–62, Docket 29-63 (sealed) at 1–40, Docket 29-64 (sealed) at 1–7) (Hearing Officer's Decision). The other administrative proceedings were decided in Parents' favor. *See* AR 7455–60 (Order on ASD's Motion to Compel Observation); Docket 99-7 (Order on Parent's [sic] Motion to Dismiss and Sufficiency Objection); Docket 99-8 (Order Dismissing Due Process Complaint).

[6] *See* AR 6146–47 (Docket 29-62 (sealed) at 57–58) (Notice of Appeal of Final Agency Decision).

[7] *See* Docket 1 (Notice of Removal).

[8] *See* Docket 57 (Motion for Summary Judgment).

[9] *See* Docket 175 (Judgment); *see also* Docket 174 (Decision and Order).

[10] *See* Docket 178 (Notice of Appeal).

[11] *See generally* Ninth Circuit Case No. 18-35574. A review of the Ninth Circuit docket in that case indicates that the appeal is presently stayed. (Docket 21 (Jan. 24, 2019); Docket 23 (Jan. 28, 2019)).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 3 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 3 of 15

16, 2018, the Disability Law Center of Alaska and Perkins Coie filed the fee motions at Dockets 182, 186, and 190.

Meanwhile, on February 23, 2018, while proceedings in this Court were ongoing, this Court issued a stay put order that permitted M.G. to remain at Perkins during the pendency of the judicial review of the Hearing Officer's decision.[12] On March 22, 2018, ASD filed a notice of appeal of that stay put order.[13] On August 22, 2018, the Ninth Circuit issued a memorandum disposition affirming this Court's stay put order.[14] On September 19, 2018, Perkins Coie and the Disability Law Center of Alaska filed motions for attorneys' fees in the Ninth Circuit related to the Ninth Circuit's stay put decision.[15] On September 26, 2018, ASD filed its opposition to those motions.[16] On October 3, 2018, the Disability Law Center and Perkins Coie each filed a reply.[17] On October 11, 2018, the Ninth Circuit referred both motions to this Court.[18]

---

[12] *See* Docket 158 (Stay Put Order). The Court issued its stay put order on approximately the same date that ASD's tuition obligation at Perkins for M.G. was set to expire under the Hearing Officer's decision. *See* AR 6180 (Docket 29–63 (sealed) at 30).

[13] *See* Docket 166 (Notice of Appeal).

[14] *See* Ninth Circuit Case No. 18-35229 (Docket 56-1) (Aug. 22, 2018); *see also* Docket 158 (Stay Put Order).

[15] *See* Ninth Circuit Case No. 18-35229 (Dockets 58-1, 59-1) (Sept. 19, 2018).

[16] *See* Ninth Circuit Case No. 18-35229 (Docket 60-1) (Sept. 26, 2018).

[17] *See* Ninth Circuit Case No. 18-35229 (Dockets 61-1, 62-1) (Oct. 3, 2018).

[18] *See* Ninth Circuit Case No. 18-35229 (Docket 63-1) (Oct. 11, 2018); Docket 306;

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 4 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 4 of 15

**LEGAL STANDARD**

Of relevance to these motions, the IDEA provides for the discretionary award of attorneys' fees to the prevailing party.[19] "[A] plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."[20]

**DISCUSSION**

**I. Prevailing Party Status**

*a. Ninth Circuit Proceedings*

The fee motions from the Ninth Circuit relate solely to Parents' successful defense of this Court's stay put order. A party's successful defense of a stay put order on appeal does not necessarily mean it is entitled to prevailing party status. The Ninth Circuit has characterized the stay put order as "an 'automatic' preliminary injunction, meaning that the moving party need not show the traditionally required factors (e.g., irreparable harm) in order to obtain preliminary relief."[21] In *Department of Education of Hawai'i v. C.B. ex rel. Donna B.*, the District

---

Docket 307.

[19] *See* 20 U.S.C. § 1415(i)(3)(B)(i).

[20] *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 483 (9th Cir. 2015) (internal quotation marks omitted) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)).

[21] *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009). Two disanalogous cases merit discussion. In an unpublished memorandum, the Ninth Circuit in *Termine ex rel. Termine v. William S. Hart Union High School District* held that the district court had not abused its discretion in deeming the plaintiff the prevailing party in obtaining a stay put order. As the Fifth Circuit recognized in *Tina M. v. St.*

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 5 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 5 of 15

of Hawaii explained, "in the normal course, establishing entitlement to 'stay put' protection does not give rise to entitlement as a 'prevailing party' to recover attorney's fees. This general rule, however, is not absolute."[22] Other Circuit Courts have held that obtaining a stay put order generally does not make the plaintiff a prevailing party.[23] This Court is not aware of any contrary Ninth Circuit holding. The Court holds that Parents' successful defense of the stay put order on appeal

---

*Tammany Parish School Board*, the *Termine* plaintiffs obtained "a ruling on the merits that the school's proposed placement was inappropriate and tuition reimbursement[.]" 816 F.3d 57, 61 n.* (5th Cir. 2016), *cert. denied* 137 S. Ct. 371 (2016).

[22] *Dep't of Educ. Hawai'i v. C.B. ex rel. Donna B.*, No. CIV. 11-00576 SOM, 2013 WL 704934, at *4 (D. Haw. Feb. 26, 2013). The district court there did find that the parents were prevailing parties. But in that case, the parents had placed their child in a private school, for which they paid tuition, prior to the due process hearing. The parents, after obtaining the favorable stay put order, brought a reimbursement claim for the tuition they had paid. It was the affirmative nature of the reimbursement relief that caused the district court to award the parents prevailing party status. *See id.* at *4–7. In this case, neither the Hearing Officer nor the Court ordered ASD to reimburse Parents for tuition that the Parents had paid to Perkins, as M.G. did not start attending school there until approximately the same time as the Hearing Officer's decision.

[23] *See Tina M.*, 816 F.3d at 61 (quoting *Davis v. Abbott*, 781 F.3d 207, 216 (5th Cir. 2015)) ("'[T]o qualify as a prevailing party in the preliminary-injunction context,' the preliminary injunction must have been 'based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff.'"); *Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 469 (7th Cir. 1996) (citations and quotation marks omitted) ("Andrew's parents received interim relief for which attorneys' fees may not be awarded. The law does not view Andrew's parents as a prevailing party under § 1415(e)(4)(B) because their only ultimate victory under the IDEA is the invocation of the stay-put provision. The outcome of this suit resulted in no enforceable obligations for the school district. Any relief that Andrew and his parents received was not in the form of a judgment or settlement."); *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 558 (3d Cir. 2003) ("The Preliminary Injunction is an insufficient basis on which to award attorney's fees to John T. because it is interim relief not based on the merits of John T.'s [IDEA] claims.").

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 6 of 15
Case 3:17-cv-00157-SLG Document 345 Filed 02/15/19 Page 6 of 15

does not, standing alone, entitle them to prevailing party status. Based on the foregoing, the motions for Ninth Circuit attorneys' fees referred to this Court at Docket 307 will be denied without prejudice.

   *b. Administrative Hearings*

The Court may award attorneys' fees relating to administrative proceedings under IDEA.[24] However, in order to establish prevailing party status, the parents must have received administrative relief "more favorable to the parents than the offer of settlement."[25] ASD maintains that "in context, the ultimate result [of the administrative hearing] was not more favorable [to Parents] than the October 2016 settlement offer."[26] The Disability Law Center responds that "the relief fashioned by the hearing officer was superior to ASD's settlement offer because it included additional time at Perkins School for the Blind, travel costs, and allowed the Parents to retain their remedies under the IDEA."[27]

ASD's settlement offer proposed that it would pay for M.G.'s Perkins School tuition from November 1, 2016 to June 16, 2017—roughly seven and a half

---

[24] *See Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1064 (9th Cir. 2015) (affirming district court's award of attorneys' fees administrative proceeding because "a request for attorneys' fees under the IDEA is more analogous to an independent claim than an ancillary proceeding" and so was not subject to limitations period for appeal of administrative decision in the district court).

[25] 20 U.S.C. § 1415(i)(3)(D)(i)(III).

[26] Docket 213 at 6.

[27] Docket 227 at 4; *see also* Docket 223 at 2.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 7 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 7 of 15

months.[28] The Hearing Officer's decision required ASD to pay M.G.'s Perkins School tuition from May 1, 2017 through February 17, 2018—roughly nine and a half months.[29] Even when Perkins' summer break is factored in, the additional tuition that the Hearing Officer's decision required ASD to pay, together with the travel expenses, is sufficient to constitute relief "more favorable" than ASD's settlement offer and, consequently, entitle Parents to prevailing party status.[30]

   *c. Proceedings in this Court*

The Court entered a judgment affirming the Hearing Officer's decision and denying ASD's motion for summary judgment.[31] For much the same reasoning that the Court held that Parents were the prevailing parties in the administrative proceedings, the Court holds that Parents were the prevailing parties in the district court.

## II. Special Circumstances

With respect to the administrative and district court proceedings for which the Court has held that Parents are the prevailing parties, "[o]rdinarily, a prevailing

---

[28] AR 149 (Docket 29-2 (sealed) at 33).

[29] AR 6160 (Docket 29-63 (sealed) at 9).

[30] AR 6161 (Docket 29-63 (sealed) at 10). The Court is skeptical that the retention of remedies under the IDEA, standing alone, could constitute a basis for prevailing party status. The stay put provisions in IDEA are intended for a student's educational benefit while court proceedings are pending; in this Court's view, they should not be invoked as a litigation goal or strategy.

[31] *See* Docket 175 (Judgment); *see also* Docket 174 (Decision and Order).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 8 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 8 of 15

party should recover attorneys' fees unless 'special circumstances would render such an award unjust.' To determine whether or not special circumstances exist, the court must consider two factors: (1) whether awarding fees would further the congressional purpose in enacting the EHA [later amended and renamed IDEA], and (2) the balance of the equities."[32] "Clearly, the congressional intent with regard to the [IDEA] was to provide parents of handicapped children a substantive right that could be enforced through the procedural mechanisms in the Act, including a right to attorneys' fees if the parents prevail."[33]

The parties did not brief whether special circumstances would make an award of fees to Parents' attorneys unjust. Accordingly, the following is set forth as a tentative ruling only; the Court will request supplemental briefing as to whether special circumstances apply here.

---

[32] *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1285 (9th Cir. 1991) (quoting *Abu–Sahyun v. Palo Alto Unified Sch. Dist.*, 843 F.2d 1250, 1252–53 (9th Cir.1988); *Planned Parenthood of Cent. & N. Arizona v. State of Arizona*, 789 F.2d 1348, 1354 (9th Cir.1986), *aff'd sub nom. Babbitt v. Planned Parenthood of Cent. & N. Arizona*, 479 U.S. 925 (1986)). *Barlow-Gresham* preceded the 2005 amendments to IDEA, which included 20 U.S.C. § 1415(i)(3)(D). But caselaw subsequent to the 2005 amendments indicates that section 1415(i)(3)(D) supplemented, rather than abrogated, the "special circumstances" test described in *Barlow-Gresham*. *See Y.Z. ex rel. Arvizu v. Clark Cty. Sch. Dist.*, 54 F. Supp. 3d 1171, 1175 (D. Nev. 2014) (quoting *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1502 (9th Cir. 1996), *abrogated in part on other grounds by Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49 (2005)) ("The prevailing party [in an IDEA case] should ordinarily recover attorney's fees unless the court finds that 'special circumstances would render such an award unjust.'"); *Somberg on behalf of Somberg v. Utica Cmty. Sch.*, 908 F.3d 162, 179 (6th Cir. 2018) (affirming district court's grant of attorneys' fees in IDEA case because no special circumstances existed).

[33] *Barlow-Gresham*, 940 F.2d at 1286.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 9 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 9 of 15

*a. Disability Law Center*

The Disability Law Center seeks $172,402.50 for its legal work related to the administrative proceedings.[34] It also seeks $132,365 for its legal work in the district court.[35] The Disability Law Center defends the rights of the physically disabled. At oral argument, the Disability Law Center represented to the Court that it expected, or at least hoped, that any attorneys' fees it was awarded in this case "would go back into the programs under which we get grants, and the grants that paid for this particular service are from the protection and advocacy for developmentally disabled people, so hopefully, we'll be able to keep the money and use it for additional services to people who are in this student's position."[36] If the Disability Law Center is able to keep these funds for those purposes, such that an attorneys' fee award would not be offset by reduced federal grant funding, the Court would find that an award of reasonable attorneys' fees to the Disability Law Center "would further the congressional purpose in enacting the" IDEA.[37]

---

[34] Docket 193 (Affidavit of Jacob Kammermeyer) at 3; Docket 194 (Affidavit of Mark Regan) at 3–4.

[35] Docket 185 (Affidavit of Chad Hansen) at 2; Docket 187 (Affidavit of Jacob Kammermeyer) at 3; Docket 188 (Affidavit of Mark Regan) at 3.

[36] Docket 344 (September 17, 2018 Oral Argument Transcript) at 20.

[37] *Barlow-Gresham*, 940 F.2d at 1285 (citing *Abu–Sahyun*, 843 F.2d at 1253); *see also Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)) ("That some of the legal services were provided *pro bono* does not alter our analysis or conclusion. Attorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services."). If the Disability Law Center indicates in its supplemental briefing that an attorneys' fee award *would* be offset by reduced federal grant funding, the Court

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 10 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 10 of 15

As to the Disability Law Center's fees in the district court and administrative proceedings, the Court must also balance the equities. M.G.'s educational needs are very expensive. ASD has made frequent settlement overtures in an effort to address M.G.'s educational needs through meetings and negotiation rather than litigation; Parents have rebuffed some of those overtures.[38] And ASD has made generous offers, as best evidenced by its offer to pay seven and a half months of M.G.'s tuition at Perkins.

Furthermore, the Court takes judicial notice[39] of the following: a major earthquake occurred on November 30, 2018, near Anchorage, Alaska that caused extensive damage to multiple ASD schools.[40] It appears that the resources

---

would be inclined not to award it attorneys' fees for its work at the administrative and district court levels as to the amount or percentage of any such offset, as such an award would not "further the congressional purpose in enacting the" IDEA. *Barlow-Gresham*, 940 F.2d at 1285 (citing *Abu–Sahyun*, 843 F.2d at 1253).

[38] *See, e.g.*, AR 3494 (Docket 29-57 (sealed) at 47) (Aug. 18, 2016 Prior Written Notice stating that "parents may decline mediation offer").

[39] Judicial notice permits a court to notice adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "[T]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (quoting Fed. R. Evid. 201(b)).

[40] 2018 Anchorage Earthquake, U.S. GEOLOGICAL SURVEY (Nov. 30, 2018), https://www.usgs.gov/news/2018-anchorage-earthquake (last visited Feb. 11, 2018); STATUS OF ASD SCHOOLS AND BUILDINGS, https://docs.google.com/spreadsheets/d/1N1Ba_qFxub_2IugYAwv1pC8ThNpy1W-xRFJfL0arqAE/edit#gid=864777121 (last visited Feb. 11, 2019); Scott Gross, ASD releases damage report on local schools, ANCHORAGE DAILY NEWS (Dec. 3, 2018), https://www.ktva.com/story/39580154/asd-releases-damage-report-on-local-schools (last visited Feb. 11, 2018). *See also* Sch. Bd. Meeting Video, ANCHORAGE SCH. DIST.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 11 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 11 of 15

available to educate each of the students in the ASD, including the district's disabled students, may well be impacted by these unanticipated financial consequences of the November 30, 2018 earthquake.

Any fees awarded to the Disability Law Center would reduce the funding available for ASD to provide educational services to students with disabilities. However, the Disability Law Center's mission is to "empower[]" people with disabilities "to exercise individual choice and be equal participants in the community where they live, *learn*, work and play."[41] Based on the foregoing, and assuming that any fees awarded to the Disability Law Center would not be effectively redirected to the federal treasury, the Court is inclined to find that "the balance of the equities" weighs in favor of awarding reasonable attorneys' fees to the Disability Law Center for its work at both the administrative and district court levels. As such, special circumstances do not appear to exist that would make an award of reasonable attorneys' fees to the Disability Law Center unjust.

*b. Perkins Coie*

Perkins Coie seeks $175,146 in attorneys' fees for its work in the district

---

(Dec. 10, 2018), https://www.youtube.com/watch?time_continue=1&v=y1gh-ozsC-U (last visited Feb. 11, 2018). The Board Meeting Video represents that the Anchorage School Board voted to use its reserve fund to increase its spending authority by $30 million as a result of the November 30, 2018 earthquake.

[41] *More about our Mission*, DISABILITY LAW CTR. OF AK., http://www.dlcak.org/ (last visited Feb. 11, 2019) (emphasis added).

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 12 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 12 of 15

court.[42] Perkins Coie has represented to the Court that "any [pro bono representation] fees that are recovered go back into the firm's pro bono program. If there isn't a need for fees to go into the pro bono program, then there have been times when the firm has identified an appropriate charity."[43] Although pro bono legal work is certainly a worthy endeavor, Perkins Coie's pro bono program likely engages in many other legal activities apart from the direct legal representation of disabled students in IDEA disputes. And while it is also a worthy endeavor to donate to "an appropriate charity," Perkins Coie has given no indication that any such donation would advance IDEA's stated purposes. Thus, Perkins Coie has not demonstrated that reallocating attorneys' fees from ASD, a public institution that provides educational services to disabled students, to Perkins Coie would fulfill Congress's goal of "provid[ing] parents of handicapped children a substantive right that could be enforced through the procedural mechanisms in the Act."[44]

The Court recognizes that awarding attorneys' fees to Perkins Coie would make this litigation more expensive for ASD; thus, such an award might provide a financial incentive for ASD in the future to offer parents more advantageous settlements. However, ASD is dependent on its funding to provide appropriate educational services to disabled students within the District. In that respect,

---

[42] Docket 186-1 at 15.

[43] Docket 344 (September 17, 2018 Oral Argument Transcript) at 8.

[44] *Barlow-Gresham*, 940 F.2d at 1286.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 13 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 13 of 15

reducing these available funds by awarding attorneys' fees to Perkins Coie would not fulfill Congress's goal of providing a FAPE to disabled children. On balancing, the Court is inclined to find that the equities tip toward not awarding Perkins Coie fees from ASD in this particular case. Therefore, the Court is inclined to find that special circumstances would make the award of reasonable fees to Perkins Coie unjust and warrant the denial of Perkins Coie's motion for attorneys' fees for its representation of Parents in the district court.

## CONCLUSION

In light of the foregoing, the Motion at Docket 307 seeking attorneys' fees relating to the Ninth Circuit's stay put proceedings is DENIED without prejudice.

With respect to the motions at Dockets 182, 186, and 190, within **seven** days from the date of this order, the parties will file simultaneous briefing on the following issue:

- Whether special circumstances warrant the Court's denial of reasonable attorneys' fees to the Disability Law Center and/or Perkins Coie

Additionally, within **seven** days from the date of this order, the Disability Law Center will file supplemental declaration(s) that state whether any attorneys' fees that may be awarded to it based on the instant motions at Docket 182 and Docket 190 would cause its grant funding to be reduced; i.e., Disability Law Center shall indicate whether or to what extent an award of reasonable attorneys' fees would result in a net increase in funding to the Disability Law Center.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 14 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 14 of 15

Alternatively, within **seven** days of the date of this order, Parents and ASD may file a stipulation that stays the motions at Dockets 182, 186, and 190 until they file their joint status report within seven days of the conclusion of the mediation.[45]

DATED this 15th day of February, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[45] *See* Docket 341 (Order re Motion for a Settlement Conference) at 2.

Case No. 3:17-cv-00157-SLG, *Anchorage School District v. M.G., et al.*
Order re Motions for Attorneys' Fees
Page 15 of 15
Case 3:17-cv-00157-SLG   Document 345   Filed 02/15/19   Page 15 of 15